UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON

ROBERT GARCEAU, JR.,

    Plaintiff,

-vs-                                            Case No:    4:17-cv-11

UNITED STATES OF AMERICA,

    Defendant.

_____/

## COMPLAINT UNDER RULE 9(h)

**NOW COMES** Plaintiff, Robert Garceau, Jr., by and through counsel undersigned, O'BRYAN BAUN KARAMANIAN, and complaining against Defendant as follows:

1. Jurisdiction and venue lie in this action, this district being the forum of Plaintiff's residence.

2. At all times material to issues herein, Plaintiff was a civilian seaman employed by a civilian contractor, serving as a crewmember on a vessel, the LCS-3 USS FT. WORTH, owned (or bareboat chartered) by the United States employed by civilian contractors and administered by the Military Sealift Command, and suffered injury in the service of said vessel to which the Suits in Admiralty Act (46 USC 30901-30918) and the Public Vessel Act (46 USC 31101-31113) apply (hereinafter "Public Vessel"), Defendant being vicariously liable for the civilian contractor.

3. Subject matter jurisdiction is founded under the general maritime law for unseaworthiness and the Jones Act, 46 U.S.C. 30104 for failure to provide a safe place to work.

4. On or about August 2, 2016, Plaintiff served as a civilian seaman/crewman aboard the Public Vessel LCS-3 USS FT. WORTH, and while climbing up a vertical ship ladder coming out of the pump room trying to pull himself out of the hatch on a hatch stanchion he lost his balance

when the stanchion let go and he grabbed by the other hand sustaining injury to his left bicep tendon because of said failure to provide a seaworthy vessel and safe place to work with the contractor, Duke Marine Engineering, thereafter intentionally, recklessly and blatantly, failed to provide maintenance and/or cure .

    5.       The wrongful acts aforesaid caused or contributed to Plaintiff's damages, *inter alia*, as follows:

        a.      Pain and suffering, past future;

        b.      Mortification, humiliation, fright shock and embarrassment;

        c.      Loss of earnings and earning capacity;

        d.      Hospital, pharmaceutical and other cure expenses;

        e.      Aggravation of prior condition, if any there be;

        f.      Inability to engage in social, recreational, and other pursuits previously enjoyed;

        g.      Mental anguish;

        h.      Found;

        i.      Maintenance and cure.

**WHEREFORE,** Plaintiff demands judgment against Defendant, together with interest, costs, attorney fees and expenses, all to be methodically adjusted upwards during the pendency of this cause.

                Respectfully submitted,

                O'BRYAN BAUN KARAMANIAN

                /s/ Dennis M. O'Bryan
                Dennis M. O'Bryan (15173700)
                Attorney for Plaintiff
                401 S. Old Woodward, Ste. 463
                Birmingham, MI   48009
                248-258-6262
                dob@obryanlaw.net

Dated: January 4, 2017